**UNITED STATES of America**

v.

**Eric SNYDER.**

**CR. No. 95–10200–EFH.**

United States District Court,
D. Massachusetts.

Jan. 14, 1997.

**20**

Richard M. Welsh, North Grafton, MA, John J. Bonistalli, Law Offices of John J. Bonistalli, and Bernard Grossberg, Boston, MA, for Eric Snyder.

James Lang, United States Attorney's Office, Boston, MA, for the U.S.

## MEMORANDUM AND SENTENCING ORDER

HARRINGTON, District Judge.

This matter is before the Court for disposition.

### I. *Statement of the Case*

On June 28, 1995, a Federal Grand Jury returned a one-count Indictment, charging the defendant, Eric Snyder, with being a Felon in Possession of a Firearm and Ammunition. Defendant was arrested by the Boston Police Department on January 10, 1995 and remained in state custody until his arraignment in federal court on July 6, 1995. He has been detained since the date of his arrest.

Count one charges that on or about January 10, 1995, at Boston, in the District of Massachusetts, Eric Snyder, having previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, to wit: a Colt .32 caliber semiautomatic pistol and .32 caliber ammunition, in violation of 18 U.S.C. § 922(g)(1).

On July 26, 1996, Defendant Snyder was found guilty after a jury trial which began on July 22, 1996 before this Court.

The firearm was seized in a briefcase found in the trunk of defendant's girlfriend's motor vehicle after he was arrested by the Boston police on January 10, 1995 while driving this motor vehicle.

Defendant was charged in the state District Court for carrying a firearm.[1] He was not charged in state court with armed robbery or any other offense arising out of this incident.[2] Although the case had been investigated by the Boston police and initially prosecuted in state District Court, a federal indictment was returned on June 28, 1995. The state charge was later dismissed and the case was "adopted" for federal prosecution because of the enhanced sentencing provisions of the federal law.

Because defendant's criminal record warranted that he be classified as an Armed Career Criminal under 18 U.S.C. § 924(e) and the Federal Sentencing Guidelines under U.S.S.G. § 4B1.4, the Federal Guidelines pursuant to U.S.S.G. § 2K2.1(a)(2) and § 2K2.1(b)(5) require the Court to impose a term of imprisonment of 262 to 327 months based upon a total offense level of 34 and a criminal history category of VI. The United States Attorney has recommended a term of 262 months.

Based upon my experience in the practice of criminal law,[3] it is my judgment that, had this case been pursued in state court as initially contemplated, defendant would have received a term of imprisonment of between one and two and one-half years, not the 21 years, 10 months to 27 years, 3 months required to be imposed in federal court for the same offense.

The gross disparity in the sentences to be imposed for the same offense determined entirely by the forum in which the offense is prosecuted causes this judge grave concern.

---

1. The defendant was charged under Mass.Gen.L. ch. 269, § 10(a). Mass.Gen.L. ch. 269, § 10(a) in Section 10(a)(6) states that the defendant "shall be punished by imprisonment in the state prison for not less then two and one-half years *nor more than five years* or for not less than one year nor more than two and one-half years in a jail or house of correction." [Emphasis supplied]

2. The Court disbelieves the trial testimony of Government witness Hawk, a heroin user and Boston Police informant, that Defendant Snyder had robbed him of twenty-six 10 mg. valium

pills, as that was the number of pills Hawk had previously agreed to give Snyder in return for Snyder's driving Hawk from Roslindale to Framingham to purchase the pills at a drugstore there.

3. Trial Attorney, Criminal Division, U.S. Department of Justice, 1961–1965; Assistant United States Attorney, 1965–1969; Attorney–In–Charge, U.S. Department of Justice's Organized Crime Strike Force, 1970–1973; United States Attorney, 1977–1981; and criminal defense attorney for over ten years.

And this concern is exacerbated when, as is the case here, this prosecution was of local origin for the "local" offense of carrying a firearm. This case is an example of the United States District Court being used by local law enforcement as its sentencing court for "local" crimes committed by certain selected individuals.

The decision to prosecute this state case as a federal case lies in the unfettered and unreviewable discretion of the United States Attorney to select certain state defendants from among vast numbers charged with that same offense under state law for disparate sentencing treatment.[4]

And in the exercise of this absolute discretion in selecting which individual state defendant will suffer the disparate sentencing treatment, the United States Attorney, in effect, imposes the sentence, as the ostensible "sentencing" judge is a mere passive instrument in carrying out the United States Attorney's selective discretion. For the Judicial Branch has been stripped of its traditional inherent power as an impartial magistrate to impose the sentence, as under federal sentencing guidelines that power, in effect, has been transferred to the Executive Branch under its authority to select the charge and the defendant. In brief, disparate sentencing treatment is imposed on a selected defendant by the exercise of absolute prosecutorial discretion by an interested party to the case without any independent judicial supervision or intervention.

This case, thus, involves a sole prosecutor having the absolute power to determine whether a certain defendant will serve a 21–year plus term of imprisonment rather than a one-year plus term of imprisonment for the same offense. This raises fundamental issues of fairness in sentencing under the due process clause and *de facto* selective prosecution under the equal protection clause of the United States Constitution.

For the Federal Sentencing Guidelines established to eradicate disparity in sentencing in the federal courts are being used to create disparity between those defendants charged in state court and those charged in federal court for the same crime.

II. *Analysis of the Law*

■ At the outset, this Court does not find by a preponderance of the evidence that the defendant committed an armed robbery using the firearm upon which his conviction is grounded. The defendant was not charged in state court with armed robbery. Nor is there any mention in the police report filed at the time of his arrest of an armed robbery. Nor does this Court find the testimony of the government's witness Hawk credible concerning this uncharged allegation. As a result, the Court rules that the defendant's offense level shall be set at 33, criminal history category VI. *See* U.S.S.G. § 4B1.4.(b)(3)(B).

■ In *Koon v. United States,* — U.S. —, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), the Supreme Court ruled that district courts have discretion at sentencing to consider all factors that are not categorically proscribed by the Sentencing Commission. — U.S. at —, 116 S.Ct. at 2051. When deciding if a mitigating circumstance is adequately considered by the Sentencing Commission, a district court can only look to the Sentencing Guidelines, the policy statements, and the official commentary of the Sentencing Commission. *Id.* at —, 116 S.Ct. at 2050. If a factor is unmentioned in the Sentencing Guidelines, a district court is required to consider both the structure and theory of the applicable guidelines and the Sentencing Guidelines taken as a whole and then decide if the factor(s) take the case out of the applicable guideline's heartland. *Id.* at —, 116 S.Ct. at 2045.

■ The Government, in its Response to the Court's Memorandum and Order of November 25, 1996, cites and quotes from *United States v. Deitz,* 991 F.2d 443 (8th Cir. 1993), for its position that disparity between state and federal sentences is a factor the Commission considered but chose not to account for in the Sentencing Guidelines as a basis to downward depart. 991 F.2d at 447–448. The majority opinion states that "the Commission must have recognized the possi-

---

4. Defendant Snyder's state co-defendant was not   prosecuted in federal court.

**22**

bility that a defendant might be subject to prosecution in both a state and a federal forum for the same criminal activity." *Id.* at 448. The dissent, however, accurately points out that the majority cites no authority to support its assumption. *Ibid.* Applying the analysis established in *Koon,* the guideline provisions applicable to the case at bar are silent on the issue of disparity between state and federal sentences.

As a result, this Court is required to consider the structure and theory of the applicable guidelines and the Guidelines collectively in order to decide if the issue of disparity as a factor in sentencing, alone or in part with other factors, takes this case out of the heartland. One of the three principal objectives that Congress sought to achieve by the Sentencing Reform Act of 1984 was to achieve reasonable uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar criminal offenses committed by similar offenders. U.S.S.G. Ch. 1, Pt. A, intro. comment. 3. This Court acknowledges that the congressional objective of eliminating disparity was directed at disparity occurring within the federal courts. This being true, it would only be logical that Congress would not favor disparity throughout the criminal justice system in an era of increased Federal–State cooperation in the investigation and prosecution of crime.

The facts of this case show an investigation by a local law enforcement officer and a resulting state district court prosecution. In the state district court forum the defendant faced a maximum possible sentence of 2½ years in the House of Correction. The defendant would have been only required to serve 15 months of that sentence since he would have been eligible for parole after serving half of his sentence. What is truly ironic is that the case was not deemed serious enough to state prosecutors to warrant a State Superior Court prosecution. The adoption of this local state case for federal prosecution was strictly for the purpose of imposing the longer period of incarceration required by the Federal Sentencing Guidelines. To this Court the issue raised is not one of severity of the sentence to be imposed

but one of disparity between the sentences to be imposed.

The federalization of this "local" crime resulting in what is tantamount to a successive prosecution and the consequent implementation of the Sentencing Guidelines by the United States Attorney to create a disparate sentence is contrary to the very objective of and theory upon which the Guidelines are grounded and therefore takes this case out of the heartland and makes it atypical.

III. *Ruling*

It is the judgment of this Court that the imposition of a term of from 19 years, 6 months to 24 years, 4 months on this selected defendant constitutes a grossly disparate sentence pre-determined by the prosecutor in the exercise of his absolute discretion and, thus, affronts this Court's sense of fundamental fairness and raises the spectre of the unequal application of the law. For where unbridled power, unchecked by judicial scrutiny, can by fiat determine that a certain person from among many similarly situated shall serve such a disparate sentence for the same offense, then the balance of governmental powers has become distorted and the liberty of every individual is held hostage to the potential tyranny of the Executive Branch.

For these reasons it is the Court's judgment that a downward departure is appropriate under U.S.S.G. § 5K2.0, and the Court shall depart downward three offense levels placing the defendant at offense level 30, requiring a sentence of between 168 and 210 months, and sentencing him to a term of imprisonment of 180 months, 36 months supervised release and a special assessment of $50.00.[5]

A *15–year* federal sentence should be more than sufficient punishment for an offense for which Defendant Snyder would have served a *15–month* state sentence.

SO ORDERED.

---

**5.** Under 18 U.S.C. § 924(e), the Armed Career Criminal provision, provides for a minimum

mandatory sentence of fifteen years.