### UNITED STATES of America

v.

### Nabil SIDHOM Defendant.

### No. CR. 98–10289–EFH.

United States District Court,
D. Massachusetts.

June 19, 2001.

MEMORANDUM

HARRINGTON, Senior District Judge.

The thoughts expressed in this Memorandum were immediately provoked by a hearing on the Defendant Sidhom's Motion for a Downward Departure [1] and disposition, but are applicable to all sentencings under the United States Sentencing Commission Guidelines.

In the long tradition of the common law, it was the judge, the neutral arbiter, who possessed the authority to impose sentences which he deemed just within broad perimeters established by the legislature. Under the Sentencing Commission Guidelines the power to impose a sentence has been virtually transferred from the court to the government, which, as the prosecuting authority, is an interested party to the case. This transfer constitutes an erosion of judicial power and a breach in the wall of the doctrine of the separation of powers.

Thus, the government, not only has the authority to prosecute crime and to decide the nature of the criminal charge to be preferred, but now has the power to determine the severity of the punishment. As a result, courts are required to react passively as automatons and to impose a sentence which the judge may personally deem unjust. There is a maxim of the law that no party can be a judge in his own case. That maxim is violated by the Sentencing Commission Guidelines.

General guidelines, formulated in the abstract and manipulated [2] to its own advantage by the government as prosecutor, are not conducive to the imposition of a just sentence in an individual case. The fair method of sentencing is for an impartial judge, who is fully cognizant of an individ-

1. *United States v. Sidhom,* 142 F.Supp.2d 150 (D.Mass.2001).

2. *See United States v. Snyder,* 954 F.Supp. 19 (D.Mass.1997), for the Court's criticism of the government's abuse of the Guidelines to achieve an unconscionable disparity between the sentence ultimately awarded in federal court (22 years, after the Court recused itself from sentencing) and the sentence that would have been imposed in state court (1 to 2½ years) for the same crime which had originally been investigated and prosecuted by state authorities. The Court recused itself, being unwilling, as a matter of conscience, to impose the draconian sentence required by the Court of Appeals for the First Circuit.

ual defendant's personal character, family responsibilities, medical and mental condition, criminal record, and the particular circumstances surrounding the crime, to impose sentence after deep reflection, informed by the judge's experience in life and in the law.

Since a senior judge is authorized to select the type of case he wishes to adjudicate or not to adjudicate, the Court has decided not to continue to draw criminal cases,[3] for the reason that under the Guidelines the Court is prevented from exercising an impartial judgment, based on over forty years' experience in and study of the criminal law, as to what constitutes a just sentence in a specific case.

The Court does not delude itself that its feeble gesture of protest will be of any consequence, except as a personal sacrifice, for the Court has always enjoyed the trial of criminal cases. However, the organized bar, which is as aware as are judges of the unfairness of the Guidelines in action, should raise its powerful voice and urge the Congress to abolish them or, at the very least, to render them hortatory and not mandatory.

---

**3.** It is the Court's judgment that there is a causal connection between the reduction in the number of jury trials in criminal cases and the Guidelines. Even triable cases are being plea-bargained with the government having the superior bargaining position in the process due to the Guidelines.