**UNITED STATES of America**

v.

**Carl SISSON**

**No. 01–10185–EFH.**

United States District Court,
D. Massachusetts.

July 21, 2004.

Heidi E. Brieger, United States Attorney's Office, Boston, MA, for Plaintiff.

David Duncan, Zalkind, Rodriguez, Lunt & Duncan, LLP, James P. Duggan, Boston, MA, for Defendant.

### *MEMORANDUM*

HARRINGTON, Senior District Judge.

The Court shall recommence drawing criminal cases on September 1, 2004 in view of the United States Supreme Court's

decision in *Blakely v. Washington,* 159 U.S. 403, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004).

On June 19, 2001, the Court, in the case of *United States v. Sidhom,* 144 F.Supp.2d 41 (D.Mass.2001), decided not to continue to draw criminal cases because "[u]nder the Sentencing Commission Guidelines the power to impose a sentence has been virtually transferred from the court to the government, which, as the prosecuting authority, is an interested party to the case. This transfer constitutes an erosion of judicial power and a breach in the wall of the doctrine of the separation of powers." The government, not the judge, the impartial arbiter, "has the power to determine the severity of the punishment." *Id.* at 41.

Previously, in the case of *United States v. Snyder,* 954 F.Supp. 19 (D.Mass.1997), the Court had criticized the government's abuse of the Guidelines to achieve an unconscionable disparity between the sentence awarded in federal court and the sentence that would have been imposed in state court for the same crime, where the case had originally been investigated and prosecuted by state authorities, but which had been taken over by federal prosecutors for the sole purpose of sentence enhancement. The Court reasoned it unlikely that Congress, having achieved uniformity within the federal system, would tolerate such vast disparity between the federal and state criminal justice systems at a time of "increased Federal–State Cooperation in the investigation and prosecution of crime." *Id.* at 22.

Later, in *United States v. Thurston,* 286 F.Supp.2d 70 (D.Mass.2003), the Court recused itself, rather than impose a sentence prescribed by the Court of Appeals, because such a sentence constituted a "wide disparity in sentences imposed for similar criminal offenses committed by similar offenders." Such a disparate sentence was clearly contrary to the objective of the sentencing guidelines and this "wide disparity" in sentences was precipitated by the defendant's exercise of his constitutional "right to a speedy and public trial, by an impartial jury." *Id.* at 72.

 In returning to the criminal draw, the Court shall follow the implications of *Blakely* on the Sentencing Commission Guidelines as cogently reasoned in the case of *United States v. King,* 328 F.Supp.2d 1276 (M.D.Fla.2004), pending further direction by the Court of Appeals for the First Circuit. In brief, it shall treat the Guidelines as unconstitutional in all cases and shall adhere to the statutory commands setting sentences. *See United States v. Einstman,* 2004 WL 1576622, *6 (S.D.N.Y.2004). In other words, in all cases, the Court shall handle the sentencing as courts handled sentencings before the Guidelines—by making a full examination of an individual defendant's personal character, family responsibilities, medical and mental condition, criminal record, and the particular circumstances surrounding the crime and imposing an appropriate sentence within the broad range set by Congress, after deep reflection informed by his experience in life and in the law. Despite a return to an indeterminate sentencing scheme, the Court "will continue to rely on the Guidelines as recommendations worthy of serious consideration." *King,* 328 F.Supp.2d 1285, 2004 WL 1769148 at *5. The Guidelines are to be considered as guidelines and not as mandates which have destroyed traditional judicial discretion.