**UNITED STATES of America**

v.

**Shelton LEWIS**

**No. CR 99–10416–EFH.**

United States District Court,
D. Massachusetts.

June 23, 2005.

Donald L. Cabell, United States Attorney's Office, Boston, MA, for USA, Plaintiff.

Catherine K. Byrne, Federal Defender's Office, District of Massachusetts, Charles P. McGinty, Federal Defender's Office, Leo T. Sorokin, Federal Defender's Office, Boston, MA, for Shelton Lewis (2), Defendant.

## MEMORANDUM AND RE-SENTENCING

HARRINGTON, Senior District Judge.

On April 19, 2005, the United States Court of Appeals for the First Circuit vacated Defendant Lewis' sentence and remanded the case to this Court for re-sentencing in light of the decision of the United States Supreme Court in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

On January 23, 2004, the Court, considering the Federal Sentencing Guidelines to be mandatory, sentenced Defendant Shelton Lewis to 319 months of imprisonment, the minimum sentence authorized under the mandatory Guidelines. For Counts I (felon in possession) and II (interference with commerce by robbery), the Court imposed a Guidelines sentence of 235 months based on Lewis' criminal history and his status as an armed career criminal (ACC). For Count III, the Court imposed an 84–month consecutive sentence as mandated by the statute based on the Court's finding that Lewis "brandished" (rather than merely carrie[d]) a firearm during a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A)(ii). The Court also sentenced Lewis to thirty-six months of supervised release and a special assessment of $300.00. The special conditions of the supervised release prohibited Lewis from possessing a firearm or other dangerous weapon, required Lewis to participate in a substance abuse program, and prohibited Lewis from consuming any alcoholic beverages during the course of the substance abuse treatment.

The Guidelines Range for Counts I and II was originally 262 to 327 months and the mandatory minimum sentence for Count III was 84 months. The prosecution recommended a sentence of 346 months: 262 months on Counts I and II and 84 months on Count III.

During the sentencing hearing, Lewis' counsel argued that Lewis should have been given an offense level 33 under the ACC Guideline instead of an offense level of 34. Reducing the offense level from 33 to 34 would reduce the sentencing range for Counts I and II to 235 to 293 months. The Court agreed with Lewis' counsel on this point and reduced the offense level to 33.

Also during the sentencing hearing, Lewis' counsel argued that the Court should depart downward from the Sentencing Guidelines and impose a total sentence of 264 months: 180 months on Counts I and II and 84 months on Count III. To this end, Lewis' counsel argued that Lewis' pretrial detention lasted nearly four years and that at the time of sentencing. Lewis was 38 years old. In addition, the Court noted that Lewis' co-defendant, who had plead guilty to the same charges, was sentenced to a total of 130 months.

The Court declined to depart downward because at that time it believed the Guidelines to be mandatory. Accordingly, as described above, the Court imposed a sentence of 319 months: 235 months for Counts I and II and 84 months for Count III. The Court indicated, however, that it would have imposed a sentence lower than 319 months if the Guidelines had not prohibited it from doing so.

The Court in *United States v. Sisson*, 326 F.Supp.2d 203 (D.Mass.2004), retraced its reflections on the historic and fundamental authority and responsibility of the judiciary—the exercise of its broad discretion in imposing a criminal sentence—and the contraction of such judicial power by the then controlling mandatory provisions of the Sentencing Commission Guidelines:

(1) In the case of *United States v. Sidhom*, 144 F.Supp.2d 41 (D.Mass. 2001), after becoming a senior judge, the Court decided not to continue to draw criminal cases because "[u]nder the Sentencing Commission Guidelines the power to impose a sentence has been virtually transferred from the court to the government, which, as the prosecuting authority, is an interested party to the case. This transfer constitutes an erosion of judicial power and a breach in the wall of the doctrine of the separation of powers." The government, not the judge, the impartial arbiter, "has the power to determine the severity of the punishment." *Id.* at 41.

(2) Previously, in the case of *United States v. Snyder*, 954 F.Supp. 19 (D.Mass.1997), the Court had criticized the government's abuse of the Guidelines to achieve an unconscionable disparity between the sentence awarded in federal court and the sentence that would have been imposed in state court for the same crime, where the case had originally been investigated and prosecuted by state authorities, but which had been "scooped" by federal prosecutors for the sole purpose of sentence enhancement. The Court reasoned it unlikely that Congress, having attempted to achieve sentencing-uniformity within the federal system, would tolerate such vast disparity between the federal and state criminal justice systems at a time of "increased Federal–State Cooperation in the investigation and prosecution of crime." *Id.* at 22.

(3) Later, in *United States v. Thurston,* 286 F.Supp.2d 70 (D.Mass.2003), the Court recused itself, rather than impose a sentence prescribed by the Court of Appeals, because such a sentence constituted a "wide disparity in sentences imposed for similar criminal offenses committed by similar offenders." Such a disparate sentence was clearly contrary to the objective of the sentencing guidelines and this "wide disparity" in sentences was precipitated by one defendant's exercise of his constitutional "right to a speedy and public trial, by an impartial jury." *Id.* at 72.

In *Sisson, supra,* the Court returned to the criminal draw in view of the United States Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and indicated that it would follow the implications of *Blakely* on the Sentencing Commission Guidelines by considering the Guidelines, although "worthy of serious consideration," as advisory only and not as mandates "which have destroyed traditional judicial discretion."

In January, 2005, the United States Supreme Court in *Booker, supra,* held that the federal Sentencing Commission Guidelines were advisory only. The Supreme Court went on to require that the sentencing court consider the Guideline ranges, but permits the sentencing court to tailor the sentence in the light of other Section 3553(a) sentencing factors as well. The Supreme Court also established the standard of appellate review as one of "reasonableness."

Although under *Booker* a sentencing judge is required to consult the Guidelines and to take them into account, the Guidelines merely constitute a generalized norm and are but one of the sentencing factors.

Since all sentences relate to an individual human person, and not to a norm, a sentence must be shaped to the individual defendant involved in the particular crime by considering the individual sentencing factors. Thus, the Court in imposing an appropriate sentence shall follow the sentencing procedure set forth in *Sisson, supra,* by modifying the norm as influenced by its full examination of the individual defendant's personal characteristics, family responsibilities, medical and mental condition, criminal record and the particular circumstances surrounding the crime and imposing a sentence within the range set by Congress, after deep reflection informed by its experience in life and in the law.

At re-sentencing, the Court imposes a term of imprisonment of 264 months (180 months on Counts I and II and 84 months consecutive on Count III), 36 months supervised release with the same special conditions previously imposed, and a $300 special assessment. The variance between 319 months and 264 months is occasioned primarily by the Court's desire to reduce somewhat the disparity between Defendant Lewis' sentence and that of his co-defendant who had received a term of 130 months. 264 months is also the term urged upon the Court by Defendant Lewis' counsel at the original disposition as being a reasonable and fair sentence for his client.